*802 OPINION OF THE COURT
Joseph Silverman, J.
The issue presented here is whether the prosecutor’s questioning of the defendant in the Grand Jury regarding police reports he completed, and a Criminal Court complaint he signed, were not covered by a waiver of immunity therefore conferring transactional immunity upon the defendant for any crimes related to those actions.
The defendant is a New York City police officer. The Grand Jury charged him in a prosecutor’s information with the crimes of assault in the third degree, offering a false instrument for filing in the second degree (2 counts) and making a punishable false written statement.
The charges grew out of an investigation conducted by the defendant on April 17, 1994, when he went to a store located at 323 9th Street in Kings County. The defendant was in the store to investigate a complaint made by a customer that the storekeeper Ki Tae Kim had given him counterfeit money as change. While in the store, the defendant alleged that Kim became irate and he subsequently charged Kim with disorderly conduct and resisting arrest. Kim was taken into custody and the defendant filled out a police complaint report for the crimes charged and a Criminal Court complaint on the following date April 20, 1994.
Kim complained that the defendant physically assaulted him during the incident causing him to need medical attention. He denied the charges against him.
Kim’s allegations against the defendant were presented to a Grand Jury as a confidential investigation. No accusatory instrument was filed prior to this investigation against the defendant.
The defendant signed and swore to a waiver immunity which indicated that the defendant was waiving immunity concerning the Grand Jury’s investigation of "an allegation of excessive force which occurred on or about April 19, 1994.” During his testimony before the Grand Jury the defendant was questioned by the prosecutor regarding what had happened in the store on April 19 and what actions he took after placing Kim under arrest regarding the reports and forms he *803 filled out, viz., the New York City Police Department complaint report and the New York City Criminal Court complaint.
After hearing from eight witnesses, the Grand Jury charged the defendant with the above-stated crimes. The defendant moves to dismiss the charges of offering a false instrument for filing in the second degree and making a punishable false written statement on the ground that his waiver of immunity extended only to the allegation of excessive force on April 19.
The waiver of immunity which the defendant signed reads as follows: "I, PO Roland Baquadano of No. 78 Pet. shield #11361 County of Kings State of New York pursuant to section 190.45 of the Criminal Procedure Law, do hereby waive all immunity which I would otherwise obtain from indictment, prosecution, punishment penalty or forfeiture for or on account of or relating to any transaction, matter or thing concerning which I may testify or produce evidence, documentary or otherwise, before the Grand Jury of the County of Kings, conducting an inquiry or legal proceeding relating to certain specified subjects, matters or areas of conduct concerning an allegation(s) of excessive force which occurred on or about April 19, 1994” (italicized portion represents handwritten words inserted on printed waiver form).
Before the defendant testified in the Grand Jury, he was asked by the Assistant District Attorney, "Do you know that the subject matter of this inquiry is an allegation by Ki Tae Kim of excessive force exerted by you on him, April 19, 1994, approximately four o’clock in the afternoon, at 323 9th Street?” The defendant replied, "Yes.” Shortly thereafter in the proceedings, the same Assistant District Attorney advised him with regard to the signed waiver, "And do you understand that you can still be prosecuted and penalized with regard to the subject matter of this inquiry?” The answer from the defendant was, "Yes, I do.” The defendant was then sworn in as a witness and was questioned by the prosecutor.
In support of his position defense counsel cites CPL 190.45 (4). That section reads as follows: "If a grand jury witness subscribes and swears to a waiver of immunity upon a written agreement with the district attorney that the interrogation will be limited to certain specified subjects, matters or areas of conduct, and if after the commencement of his testimony he is interrogated and testifies concerning another subject matter or area of conduct not included in such written agreement, he receives immunity with respect to any further testimony *804 which he may give concerning such other subject, matter or area of conduct and the waiver of immunity is to that extent ineffective.”
The People’s position is that the defendant was given sufficient notice under CPL 190.45 (4) as to the matters or areas of conduct concerning his alleged use of excessive force on April 19, 1994. His actions in filling out the police reports regarding this incident and the signing of the Criminal Court complaint were so closely related to the events of April 19 that the defendant would not have been surprised by the questioning regarding these matters.
The intent of CPL 190.45 (4) is to protect and shield a witness who is testifying before a Grand Jury under a waiver of immunity from being questioned regarding matters not the subject of the Grand Jury investigation. When a witness signs a waiver there is an understanding between the defendant and the prosecutor that the only questioning will involve the subject of the investigation. The strictures of CPL 190.45 serve to prevent or discourage a prosecutor from straying beyond the agreed upon subject matter at the risk of immunizing the witness from future prosecution for any other crimes. This section should be strictly construed against the prosecution when they deviate beyond the terms of the waiver (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.45, at 274).
It is the prosecutor’s office that draws up the written agreement and spells out the crimes or activity that is the focus of the Grand Jury investigation. In the Grand Jury before questioning the witness, the prosecutor is responsible for placing on the record the terms of the agreement as understood by both sides. It is the prosecutor’s responsibility to resolve any ambiguities in the agreement before the witness testifies. If he fails to resolve any questions, then it is the prosecutor who should suffer the consequences not the witness.
In this case it is not clear as to what crimes were under investigation by the Grand Jury. The action was not commenced with the filing of a Criminal Court complaint against the defendant charging him with any specific crimes, rather the case commenced as a Grand Jury investigation. The court does not agree with the People’s position that the defendant’s actions as a police officer were "a natural outgrowth” of his use of excessive force so as to put him on notice that he would *805 be questioned regarding these actions as well as his use of force. If the People intended to have the waiver be inclusive of all the defendant’s actions related to his use of force, the waiver should have been worded in those terms. Instead both in the waiver and before the Grand Jury, the defendant was put on notice that the subject matter of the investigation was the alleged use of excessive force.
The prosecutor questioned the defendant regarding police reports and the Criminal Court complaint, areas not covered by the waiver of immunity, thereby conferring transactional immunity on him for crimes related to those actions. Therefore, counts 2, 3 and 4 of the prosecutor’s information charging him with offering a false instrument for filing and making a punishable false written statement are dismissed.